IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                               Nos.    CR 15-1399 KG
                                                             CIV 16-1408 KG/LF

OSCAR REYES-ESPINOZA,

        Defendant/Movant.

### **PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Oscar Reyes-Espinoza's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Doc. 35.[1] The Honorable Kenneth J. Gonzales referred this case to me to recommend to the Court an ultimate disposition of the case. No. CIV 16-1408 KG/LF, Doc. 4. Having reviewed the submissions of the parties and the relevant law, I recommend that the Court DENY Reyes-Espinoza's motion.

**I.**     **Background Facts and Procedural Posture**

On September 8, 2015, Reyes-Espinoza pled guilty to an indictment that charged him with reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b). *See* Docs. 11, 30, 47. He pled guilty without a plea agreement. *See* Docs. 33, 47 at 23–24. The probation officer who prepared Reyes-Espinoza's presentence report ("PSR") determined that Reyes-Espinoza's base offense level was 8 under USSG[2] § 2L1.2. PSR ¶ 9. He received a sixteen-level enhancement pursuant to USSG § 2L1.2(b)(1)(A) because he had been convicted of a crime of

---

[1] Citations to "Doc." are to the document number in the criminal case, case number CR 15-1399 KG, unless otherwise noted.

[2] Reyes-Espinoza was sentenced using the 2014 version of the Sentencing Guidelines. *See* PSR ¶ 8. All references to the Guidelines are to the 2014 version unless otherwise noted.

violence before he was removed from the United States. PSR ¶ 10. He received a three-level reduction pursuant to USSG § 3E1.1 for acceptance of responsibility. PSR ¶¶ 17, 18. Reyes-Espinoza's total offense level was 21, and his criminal history category was VI, which resulted in an advisory guideline sentencing range of 77 to 96 months in prison. PSR ¶¶ 19, 33–35, 53.

Neither party objected to the PSR's guideline calculations. *See* Doc. 48 at 2–3, 7. Reyes-Espinoza came before the Court for sentencing on December 15, 2015. *See generally id.* The Court adopted the PSR's guideline calculations, but it determined that Reyes-Espinoza's criminal history category—category VI—overrepresented the seriousness of his criminal history. *See id.* at 14–15. The Court departed downward to criminal history category IV, which resulted in an advisory guideline range of 57 to 71 months in prison. *Id.* at 15. The Court sentenced Reyes-Espinoza to 57 months in prison. *Id.* It entered its judgment the same day. *See* Doc. 34.

On December 27, 2016, Reyes-Espinoza filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, in part based on a claim that his counsel was ineffective because he failed to file a notice of appeal. Doc. 35. The government filed its response on March 14, 2017, and asked the Court to hold an evidentiary hearing on Reyes-Espinoza's ineffective assistance of counsel claim. Doc. 40 at 8. On July 19, 2017, Reyes-Espinoza filed a Notice of Change of Address and Motion to Supplement, Doc. 43, which the Court construed as a motion to amend his 2255 motion. *See* Doc. 50. The Court appointed counsel to represent Reyes-Espinoza and gave him an opportunity to file a memorandum in support of his motion to amend, as well as an opportunity to file a reply to the government's response. *See* Docs. 45, 50, 52, 56. Reyes-Espinoza did not file any additional materials in support of his motion to amend, nor did he reply to the government's response to his 2255 motion. *See generally* Clerk's Docket Sheet. The government opposed Reyes-Espinoza's motion to amend, arguing that the motion

2

was untimely, and that the claims that Reyes-Espinoza raised were meritless. Doc. 66. The Court held an evidentiary hearing on January 19, 2018, on Reyes-Espinoza's claim that his attorney did not file a notice of appeal despite his request that he do so. Doc. 68. Both Reyes-Espinoza and his former attorney testified. *See id.*

## II. Reyes-Espinoza's Claims and the Government's Response

Reyes-Espinoza argues in his 2255 motion that the Court erred in sentencing him because "[t]here is no distinguishable difference between the residual clause [that the Supreme Court struck down in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015)] and the guideline enhancement [Reyes-Espinoza] received in this case at sentencing." Doc. 35 at 5. Therefore, he says, "the Supreme Court's ruling in *Johnson* applies to this case," and his sentence must be vacated. *Id*. Reyes-Espinoza also argues that his attorney was ineffective because he had asked his attorney to file a notice of appeal shortly after he was sentenced, and his attorney failed to do so. *Id*. at 6. In his motion to supplement, which the Court construed as a motion to amend, he alleges that he had told his defense counsel that he was a United States citizen because he had been adopted by his U.S. citizen step-father. Doc. 43 at 1. To support this claim, he attaches a document showing that his name was changed from Oscar Omar Reyes to Oscar Omar Hernandez on June 19, 2002, when Reyes-Espinoza was about twelve years old. *See* Doc. 43 at 3; PSR at 2 (showing date of birth). He also claims that he would not have pled guilty had he been informed of the immigration consequences of his plea. Doc. 43 at 1.

The government argues in response that Reyes-Espinoza's first claim is precluded by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). Doc. 40 at 7. It further argues that even if *Beckles* did not foreclose his claim, the Court enhanced Reyes-Espinoza's sentence based on the enumerated crimes clause of § 2L1.2, not the residual clause.

3

Doc. 40 at 6–8. With respect to Reyes-Espinoza's claim that his attorney failed to file a notice of appeal, the government acknowledged that the Court should hold an evidentiary hearing on that issue, but it attached an affidavit from Reyes-Espinoza's former attorney that stated that the attorney had consulted with Reyes-Espinoza about his appellate rights, and that Reyes-Espinoza did not tell him to file a notice of appeal. Doc. 40 at 8; Doc. 40-3 ¶¶ 8, 10. In response to Reyes-Espinoza's motion to amend, the government argues that the motion is untimely, that Reyes-Espinoza has not submitted any evidence that he is a U.S. citizen, and that Reyes-Espinoza was fully informed of the immigration consequences of his guilty plea on the record and immediately before he pled guilty. Doc. 66. In sum, the government asks the Court to deny Reyes-Espinoza's motion to amend, and to deny his 2255 petition.

### III. Discussion

    A. *Johnson* Does not Apply to this Case, and *Beckles* Forecloses Reyes-Espinoza's Claim that he was Sentenced Under an Unconstitutionally Vague Guideline Provision.

Reyes-Espinoza's first claim is based on the Supreme Court's decision in *Johnson*, which struck down a portion of the Armed Career Criminal Act (ACCA). The ACCA provides, in pertinent part, that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"]; or (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated crimes clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"] . . . ." 18 U.S.C. § 924(e)(2)(B). In *Johnson*, 135 S. Ct. at 2563, the Supreme Court struck down

4

the residual clause as unconstitutionally vague, but it left intact the elements clause and the enumerated crimes clause. The following year, the Court held that *Johnson* announced a substantive rule that applied retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Thus, to be entitled to relief under *Johnson*, a defendant must have been sentenced under the residual clause of the ACCA, not the elements clause or the enumerated crimes clause.

In this case, Reyes-Espinoza was not sentenced under the ACCA. Instead, he received a sixteen-level enhancement to his base offense level because he had been deported after having been convicted of a crime of violence. *See* PSR ¶ 11; USSG § 2L1.2(b)(1)(A)(ii). The term "crime of violence" is defined as

> any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG § 2L1.2, comment. (n.1(B)(iii)). Notably absent from this definition is anything that resembles the residual clause of the ACCA—that is, "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Thus, the basic premise of Reyes-Espinoza's claim—that "[t]here is no distinguishable difference between the residual clause [of the ACCA] and the guideline enhancement petitioner received in this case"—is simply wrong. The "crime of violence" definition that was applied to Reyes-Espinoza did not contain a "residual clause" that resembles the residual clause in the ACCA. Thus, the reasoning of *Johnson* does not apply to this case.

5

Moreover, Reyes-Espinoza's claim, based on the vagueness of the pertinent guideline provision, is squarely foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held that the sentencing guidelines are not subject to the void-for-vagueness doctrine. 137 S. Ct. at 897. Reyes-Espinoza conceded as much through his counsel at the evidentiary hearing. Reyes-Espinoza is not entitled to relief based on any claim that the crime-of-violence sentencing enhancement he received is unconstitutionally vague.

B. <u>Reyes-Espinoza's Counsel was not Ineffective</u>.

An ineffective assistance of counsel claim requires a showing that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The defendant bears the burden of proving ineffective assistance by a preponderance of the evidence. *Sallahdin v. Mullin*, 380 F.3d 1242, 1247–48 (10th Cir. 2004).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000). In such circumstances, the defendant is entitled to a new appeal, regardless of whether such appeal would have merit. *United States v. Garrett,* 402 F.3d 1262, 1265 (10th Cir. 2005). Even when a defendant neither instructs counsel to file an appeal nor requests that an appeal not be taken, counsel still may be ineffective for failing to file an appeal if he or she did not consult with the defendant about an appeal, that is, if the attorney failed to "advis[e] the defendant about the advantages and disadvantages of taking an appeal" and "mak[e] a reasonable effort to discover the defendant's wishes." *Roe,* 528 U.S. at 478. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are

6

nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In making this determination, relevant factors include "whether the conviction follows a trial or guilty plea" ("because a guilty plea reduces the scope of potentially appealable issues and . . . may indicate that the defendant seeks an end to judicial proceedings"), "whether the defendant received the sentence bargained for as part of the plea," and "whether the plea expressly reserved or waived some or all appeal rights." *Id.*

Reyes-Espinoza claims that his attorney was ineffective for failing to file a notice of appeal even though he specifically asked his attorney to do so. Doc. 35 at 6. At the evidentiary hearing, Reyes-Espinoza testified that immediately after sentencing, while he still was standing at the podium with his attorney, he told his attorney, "I want to appeal." He then was taken back to the holding cell by a deputy marshal, who told Reyes-Espinoza that he should be thankful for the sentence he was given. According to Reyes-Espinoza, he had a short conversation with the deputy marshal about why Reyes-Espinoza thought five years was too much time, and that he would have been happy had the judge sent him back home to be with his family. Reyes-Espinoza testified that although his attorney followed him back to the holding cell, his attorney did not speak to him, nor did he speak to his attorney.

Reyes-Espinoza's former attorney testified that Reyes-Espinoza did not say anything to him about filing an appeal while they were still standing at the podium, immediately after the sentencing hearing. The attorney followed Reyes-Espinoza back to the holding cell and explained to him the significance of the district judge's downward departure. The attorney testified that Reyes-Espinoza seemed satisfied with the sentence that had been imposed. The attorney discussed with Reyes-Espinoza his appellate rights and offered to file a notice of appeal

7

on his behalf, but Reyes-Espinoza did not respond. Reyes-Espinoza did not tell him to file an appeal. The attorney asked Reyes-Espinoza if he had any other questions, thoughts or concerns, and made sure that Reyes-Espinoza knew how to contact him if necessary. The attorney did not recall ever hearing from Reyes-Espinoza again. The attorney did not have any documentation regarding Reyes-Espinoza's decision not to file an appeal, nor had the attorney reviewed his file before testifying or signing his affidavit.

I find Reyes-Espinoza's version of events not credible, for several reasons. First, during cross-examination, Reyes-Espinoza continued to claim that he did not understand that he would be deported as a result of his guilty plea, even when the prosecutor confronted him with the transcript of his change of plea hearing where the magistrate judge told him on the record that he would be deported. At the change of plea hearing, the magistrate judge said, "once I accept your plea and you're sentenced you're going to be deported," and Reyes-Espinoza said, "Well, I understand that, but . . . I'd rather be deported and try to get all of my legal matters the right way and then . . . ." Doc. 47 at 26. Second, he also claimed he was "shocked" by and unhappy with his 57-month sentence, even though his presentence report made clear that the advisory guideline sentencing range was 77 to 96 months in prison. Reyes-Espinoza's attorney's view that Reyes-Espinoza seemed "content" with his sentence—given that it was significantly shorter than Reyes-Espinoza had expected—seems more probable. Third, it seems unlikely that Reyes-Espinoza's attorney would have followed Reyes-Espinoza back to the holding cell just to stand there, without discussing the sentencing hearing and the possibility of an appeal, particularly if Reyes-Espinoza had just told him to file a notice of appeal. The attorney's version of events is more credible.

8

Finally, although the attorney testified that Reyes-Espinoza did not respond when he offered to file a notice of appeal, I find that the attorney made a reasonable effort to discover Reyes-Espinoza's wishes. Although Reyes-Espinoza pled guilty without a plea agreement in part to preserve his appellate rights, the only basis for an appeal would have been if the sentence was unreasonable. Given that the sentence was well below the advisory guideline sentencing range, the attorney would have been correct in believing that there likely were no nonfrivolous grounds for an appeal. Further, at the sentencing hearing, it was clear that Reyes-Espinoza's main concern was the amount of time he was facing. At sentencing, he said,

> when my attorney showed me my PSR, I saw the time that I was facing and I saw it, like it was ridiculous. Like, wow, I'm really facing that much time? I had no idea it was like that. If I would have known that, I would have just stayed in Mexico and tell my family to keep fighting the immigration side that way.

Doc. 48 at 9. Reyes-Espinoza's 57-month sentence was significantly below what he was expecting, and a rational defendant likely would have been relieved with such a sentence. Thus, when the attorney told Reyes-Espinoza that he would file a notice of appeal if he wanted him to, the fact that Reyes-Espinoza did not respond and did not instruct him to file a notice of appeal did not require further inquiry. Reyes-Espinoza's attorney made a reasonable effort to discover Reyes-Espinoza's wishes, and the attorney's failure to file a notice of appeal was not ineffective.

C. <u>Reyes-Espinoza's Motion to Amend his Petition is Untimely.</u>

The Court construed Reyes-Espinoza's Notice of Change of Address and Motion to Supplement 28 U.S.C. § 2255 (Doc. 43) as a motion to amend. Doc. 50. Motions to amend are governed by FED. R. CIV. P. 15:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

9

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Here, more than 21 days have passed since the government was served and filed its response. Reyes-Espinoza, therefore, may only amend with the government's written consent, or with the Court's leave.

Further, there is a one-year statute of limitations on asserting a claim under § 2255. 28 U.S.C § 2255(f). In this case, the one-year period began to run on the date that Reyes-Espinoza's judgment of conviction became final, which was December 29, 2015. *See* 28 U.S.C. § 2255(f)(1); Doc. 34 (judgment was entered on December 15, 2015, and became final 14 days later because no notice of appeal was filed). The one-year statute of limitations expired on December 29, 2016. Reyes-Espinoza filed his original petition on December 27, 2016, Doc. 35, but did not file his motion to supplement until July 19, 2017, Doc. 43, well after the limitations period had run. An amendment may avoid the one-year statute of limitations, however, if it relates back to the original petition. But an amendment only relates back to the original petition if "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Any new claims of ineffective assistance of counsel that do not relate back to Reyes-Espinoza's original claims are time-barred. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000).

A claim of actual innocence, however, can serve as a gateway through which a petitioner may overcome the one-year bar of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, that the actual-innocence gateway is narrow: "[A] petitioner does not meet the threshold requirement unless he persuades the

district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

In his motion to amend, Reyes-Espinoza raises two additional issues. He asserts that his sentence and conviction are illegal because he was adopted by an American citizen. Doc. 43. He also asserts that he would not have pled guilty if he had been advised of the immigration consequences of his plea. *Id.* Neither issue relates in any way to the claims in his original petition that his sentence was based on an invalid sentencing enhancement, or that his counsel was ineffective for failing to file a notice of appeal. And because his motion to supplement was not filed until July 2017, approximately 7 months after the expiration of the one-year statute of limitations, the claims are time-barred unless Reyes-Espinoza can slip through the actual innocence gateway.

If Reyes-Espinoza is in fact a United States citizen, he would be innocent of the crime to which he pled guilty. *See United States v. Villarreal-Valdez*, 85 F. App'x 185, 187 (10th Cir. 2004) (unpublished) (court reviewed the elements of illegal reentry after deportation and noted that government must prove that defendant is an alien, but held that defendant had presented insufficient evidence of derivative citizenship to warrant dismissal of indictment). But to overcome the statute-of-limitations bar, Reyes-Espinoza must present sufficient evidence that he is in fact a U.S. citizen. The only evidence that Reyes-Espinoza submitted to support his claim of citizenship is a document showing that in 2002, in Georgia, Oscar Omar Reyes's name was changed to Oscar Omar Hernandez. Doc. 43 at 3. This document is insufficient to show that Reyes-Espinoza was adopted by a U.S. citizen. Reyes-Espinoza's attorney acknowledged at the evidentiary hearing that she had no further evidence to support Reyes-Espinoza's claim of

11

citizenship. Although Reyes-Espinoza may have a valid claim to citizenship if he indeed was adopted by a United States citizen, *see* 8 U.S.C. § 1431 (describing conditions that must be met for foreign-born child to acquire citizenship automatically), the document he has submitted falls far short of "new evidence, [such that] no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 569 U.S. at 386. Thus, the claims Reyes-Espinoza raises in his motion to supplement are time-barred. The Court should deny his motion to supplement, which the Court construed as a motion to amend.

## IV. Recommendation

I recommend that the Court DENY Reyes-Espinoza's 2255 motion. Reyes-Espinoza is not entitled to relief under the Supreme Court's decision in *Johnson*. He was not sentenced under the ACCA's residual clause, and the guideline provision that was used to enhance his sentence bears no resemblance to the ACCA's residual clause. Even if it did, the Supreme Court held in *Beckles* that the Guidelines are not subject to void-for-vagueness challenges.

With respect to his claim that his attorney was ineffective for failing to file a notice of appeal, I find that Reyes-Espinoza did not instruct his attorney to file a notice of appeal. Moreover, I find that the attorney consulted with Reyes-Espinoza about filing a notice of appeal and made a reasonable effort to discover his wishes. Reyes-Espinoza has failed to prove that his attorney was ineffective for failing to file a notice of appeal.

Finally, I recommend that the Court deny Reyes-Espinoza's motion to supplement or amend his motion. His claims do not relate back to his original motion and therefore are untimely. Further, Reyes-Espinoza has failed to put forth sufficient evidence to support his claim to U.S. citizenship, which would support a claim of actual innocence.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge