IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                          Nos.   CR 15-1399 KG
                                                          CIV 16-1408 KG/LF

OSCAR REYES-ESPINOZA,

    Defendant/Movant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Proposed Findings of Fact and Recommended Disposition, Doc. 71[1] (Report), and movant Oscar Reyes-Espinoza's Objections to the Recommendations of Magistrate Judge, Doc. 72. The United States filed a Response to Reyes-Espinoza's objections. Doc. 73. Having reviewed the record in this case, the Court overrules Reyes-Espinoza's objections and adopts the magistrate judge's recommendation to deny Reyes-Espinoza's motion.

**I.**      **Standard of Review**

When a party files timely written objections to the magistrate judge's recommendation, the district court generally will conduct a de novo review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also* FED. R. CIV. P. 72(b)(3). To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances,*

---

[1] Citations to "Doc." are to the document number in the criminal case, case number CR 15-1399 KG, unless otherwise noted.

*Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

**II.	Discussion**

The magistrate judge recommended that the Court deny Reyes-Espinoza's challenge to his sentence because the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)—which held that that residual clause in the Armed Career Criminal Act (ACCA) was unconstitutionally vague—does not apply to this case. Reyes-Espinoza was not sentenced under the ACCA, and the Guideline provision that was used to enhance his sentence did not contain a residual clause similar to the one in the ACCA. *See* Doc. 71 at 5. Further, even if the Guideline had contained a similar provision, the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) forecloses void-for-vagueness challenges to the Guidelines. *See* Doc. 71 at 6.

The magistrate judge also recommended that the Court deny Reyes-Espinoza's ineffective assistance claim based on his counsel's failure to file a notice of appeal. *See* Doc. 71 at 6–9. The magistrate judge found Reyes-Espinoza's former attorney more credible than Reyes-Espinoza, and found that Reyes-Espinoza did not direct his attorney to file a notice of appeal. *See id.* at 7–8. The magistrate judge also found that the attorney made a reasonable effort to determine whether Reyes-Espinoza wanted to file an appeal. *See id.* at 9.

With respect to Reyes-Espinoza's motion to amend, the magistrate judge recommended that the Court deny the motion. Because Reyes-Espinoza sought to add new claims in his motion, they did not relate back to his original petition, and the new claims are time-barred. *See id.* at 10–11. And although Reyes-Espinoza's actual innocence claim could overcome the statute-of-limitations bar, he submitted insufficient evidence to support this claim. *See id.* at 11–12.

Reyes-Espinoza only objects to one aspect of the magistrate judge's Report. *See* Doc. 72. Specifically, he objects to the magistrate judge's finding that Reyes-Espinoza's attorney made a reasonable effort to discover whether Reyes-Espinoza wanted to file a notice of appeal. *Id.* at 1. He argues that "[u]nder the circumstances of this case, where Mr. Reyes specifically wanted to retain his right to appeal, and where he made statements regarding his potential innocence at the time of the plea and at sentencing, it was not reasonable or sufficient for the attorney to ask the question (whether he wanted to appeal) yet not get an answer." *Id.* at 3. In Reyes-Espinoza's view, the attorney should have demanded an answer, or just filed the notice of appeal without an answer. *See id.* In response, the government argues that given the limited nature of an appeal after a guilty plea, and given the substantially reduced sentence that Reyes-Espinoza received, it was reasonable for the attorney to accept Reyes-Espinoza's silence as an indication that he did not want to appeal. *See* Doc. 73. The Court agrees with the government.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court described how the Court should address claims of ineffective assistance of counsel similar to the one presented here:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

*Id.* at 478.

In this case, Reyes-Espinoza does not challenge the magistrate judge's credibility findings, or its recitation of what occurred immediately after the sentencing hearing in this case.

3

*See* Doc. 72 at 1–2. Those factual findings make clear that Reyes-Espinoza's attorney "followed Reyes-Espinoza back to the holding cell and explained to him the significance of the district judge's downward departure," "discussed with Reyes-Espinoza his appellate rights and offered to file a notice of appeal," "asked Reyes-Espinoza if he had any other questions, thoughts or concerns, and made sure that Reyes-Espinoza knew how to contact him if necessary." Doc. 71 at 7–8. These facts make clear that the attorney adequately "consulted" with Reyes-Espinoza about an appeal under *Roe*. Thus, the attorney's performance could be professionally unreasonable only if he "fail[ed] to follow the defendant's express instructions with respect to an appeal." *Roe*, 528 U.S. at 478. Because Reyes-Espinoza did not respond to the attorney's inquiry and gave no express instructions one way or the other, the attorney's performance was not professionally unreasonable.

Reyes-Espinoza's argument that, under the circumstances, his attorney should have demanded a response, or filed an appeal in the absence of a response, is not persuasive. Reyes-Espinoza acknowledges that "he may not have had grounds to appeal his sentence," but instead says that he had grounds to appeal his conviction based on his repeated assertion that he believed he had a claim to citizenship. Doc. 72 at 2. At his change of plea hearing, however, Reyes-Espinoza said only "that there is a possibility that I'm a United States Citizen" based on his belief he was adopted by a U.S. citizen, but he acknowledged that he did not have proof of that claim. Doc. 47 at 25. He also admitted he was a Mexican citizen who previously had been deported from the United States, and that he did not have permission to reenter the United States. *Id.* at 26–27. At sentencing, he again said that he believed that there was a "high possibility" he was a citizen, but that he was "still looking into that," and "still [didn't] know what's going on with that." Doc. 48 at 11. In short, Reyes-Espinoza persisted in his guilty plea despite his belief that he may have a claim to U.S. citizenship. As the government points out, "a valid guilty plea

relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty." *Class v. United States*, 138 S. Ct. 798, 805 (2018) (internal quotation marks omitted). And unlike *United States v. Carillo*, 860 F.3d 1293, 1302–05 (10th Cir. 2017), the prosecutor in this case clearly set forth the factual basis for the reentry offense to which Reyes-Espinoza pled guilty, and the Court reviewed the elements of the offense with Reyes-Espinoza before it accepted his guilty plea. Doc. 47 at 24–28. Thus, after the sentencing hearing, it was not unreasonable for Reyes-Espinoza's attorney to believe that there were no nonfrivolous grounds for an appeal. Reyes-Espinoza's attorney was not ineffective for failing to demand that Reyes-Espinoza respond to his question about whether he wanted to appeal, or for failing to file a notice of appeal without being directed to do so by his client.

**III.  Conclusion**

For the foregoing reasons, the Court overrules Reyes-Espinoza's objections (Doc. 72).

IT IS THEREFORE ORDERED that the Proposed Findings of Fact and Recommended Disposition (Doc. 71) is ADOPTED by the Court.

IT IS FURTHER ORDERED that this case is DISMISSED, and that a final judgment be entered concurrently with this order.

_____
UNITED STATES DISTRICT JUDGE

5